UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES S. HARTZOL III,   ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 25-4153 |
| ) | |
| D. FRYREAR *et al.*,   ) | |
|     Defendants.   ) | |

<u>ORDER</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 and a Motion for Settlement Conference (Doc. 10) filed by Plaintiff Charles S. Hartzol III, an inmate at Menard Correctional Center.

I.  **Complaint**

   A.  **Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff alleges violations at Hill Correctional Center against Defendants Batson, D. Fryrear, Miller, and Jamar Range.

On October 8, 2022, Plaintiff observed but did not participate in a physical altercation between several inmates and a female corrections officer. On October 12, 2022, Defendant Miller served Plaintiff with a disciplinary report, authored by Defendant Fryrear, alleging a violation of the rule prohibiting dangerous disturbances. At the conclusion of an October 21, 2022, Committee hearing conducted by Defendants Batson and Range, Plaintiff was informed that he would receive the Committee's decision from another corrections lieutenant. Plaintiff challenges how an official who was not present at the hearing can make such a determination.

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is

entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose …. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

The Court construes Plaintiff alleges a due process violation based on his account that Defendants Batson and Range, acting as Committee members, did not make the final decision after conducting a disciplinary hearing. Although further discovery may reveal the Committee merely provides a recommendation that is submitted to the warden or delegated representative for final approval, the Court concludes that Plaintiff's account states a due process claim against Batson and Range.

Additionally, the Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id*.

Because the Court has determined that Plaintiff states a Fourteenth Amendment due process claim regarding the propriety of the Committee's hearing, Plaintiff's account regarding the false disciplinary report authored by Defendant Fryrear also state a Fourteenth Amendment due process claim. However, Plaintiff does not state a claim against Defendant Miller for merely serving Plaintiff with the disciplinary report.

II.    **Settlement**

Plaintiff's Motion for Settlement Conference (Doc. 10) is denied as premature. Plaintiff may resubmit his filing after the Court enters a scheduling order as noted in paragraph eight below.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Settlement Conference (Doc. 10) is denied**

2) **The Clerk is DIRECTED to terminate Defendant Miller as a party in this case.**

3) **According to the Court's screening of Plaintiff's (Doc 1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with Fourteenth Amendment due process claims against Defendants Batson, Fryrear, and Range. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff needs only submit evidence if directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED December 22, 2025.

                                                              s/ *Colleen R. Lawless*

                                             COLLEEN R. LAWLESS
                                     UNITED STATES DISTRICT JUDGE